## Nance Unemployment Compensation Case.

Argued March 22, 1962.   Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Talton H. Nance,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., April 12, 1962:

In this unemployment compensation case the appellant was refused compensation by the board under §402(b)(1), 43 PS §802(b)(1), of the Unemployment Compensation Law.   The board found that the appellant terminated his employment voluntarily without cause of a necessitous and compelling nature.

The appellant was last employed as a bosun aboard the S.S. Murfreesboro and on January 4, 1961 claimed that he was ill.   His ship was then located in Houston, Texas.   He obtained a master's certificate for medical care at the Public Health Service.   He also obtained $109.62, transportation money to his port of origin in California.   On January 6, 1961 he reported to the Public Health Service Clinic in San Pedro, Cal.   On January 10, 1961 the Public Health Service of San Pedro, Cal. proclaimed Nance fit for duty.   He had an

upper respiratory infection. The employer received a wire from the master of the S.S. Murfreesboro advising that the claimant quit his employment to take a vacation. Under the terms of the union contract covering appellant's employment it was provided that a crew member was not entitled to transportation money to his port of origin if he continued employment on the vessel. The board found that by accepting the transportation money the claimant voluntarily terminated his employment. We cannot find any error in the board's so concluding. While appellant complained of illness, he did not report to the Public Health Service in San Pedro, California, until two days after leaving the ship. He could have reported immediately to the Public Health Service in Houston, Texas. It is also important to remember that four days following his first visit to the Public Health Service in San Pedro he was declared fit for duty. It is also significant that appellant filed his application for benefits in California on January 29, 1961 and two days later, on January 31, 1961, obtained his doctor's certificate to the effect that he should not ship in northern waters because of recurrent episodes of pleurisy. The employer also testified that the vessel from which appellant disembarked for some time thereafter traded in southern waters.

All of these matters were for the consideration of the board. There was ample credible evidence to justify its denial of benefits to the appellant. The credibility of the witnesses, the weight of their testimony and the reasonable inferences to be drawn from it are for the board and its findings, when supported by credible evidence, are conclusive: *Progress Manufacturing Co. v. Unemployment Compensation Board of Review*, 406 Pa. 163, 176 A. 2d 632.

Decision affirmed.